# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LYNN ANN RAYSIK | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-00791-DGK-SSA |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Lynn Ann Raysik ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") found that Plaintiff's allegations of disabling symptoms were not credible, and determined that Plaintiff retained the residual functional capacity ("RFC") to perform her current work as a hairstylist.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

## **Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on August 29, 2014, alleging a disability onset date of December 1, 2011. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on March 23, 2016, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on July 20,

2017. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff argues the ALJ erred because: (1) the ALJ improperly discounted her disability allegations, (2) the ALJ's RFC is not supported by substantial evidence, (3) the ALJ erred in finding that Plaintiff could perform her past relevant work. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

I.  **The ALJ's decision to discount Plaintiff's allegations of disability is supported by substantial evidence.**

Plaintiff believes that the ALJ erred by relying on her part-time work to find that her disability allegations were inconsistent with the record. To analyze a claimant's subjective complaints of pain, an ALJ is required to examine factors such as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ may discount a claimant's subjective complaints of pain "if the evidence as a whole is inconsistent with the claimant's testimony." *See Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015).

Here, the ALJ discussed record evidence that was inconsistent with Plaintiff's allegations of disability. The ALJ found that Plaintiff's work in 2012—after Plaintiff's alleged onset date—qualified as substantial gainful activity. R. at 50. Plaintiff does not dispute that finding on appeal. The ALJ found that from 2013 through 2015, Plaintiff's earnings were slightly below what is required to qualify her work as being substantial gainful activity, and approximately $5,000 less than what she typically earned before her alleged onset date. R. at 50, 165, 171. The ALJ did not err by citing Plaintiff's continued work at nearly substantial gainful activity levels as one factor inconsistent with her allegations of disability. *See Toland v. Colvin*, 761 F.3d 931, 937 n. 4 (8th Cir. 2014).

The ALJ also cited statements Plaintiff made showing that she typically worked nine hours three days per week as a hairstylist. R. at 50, 73. Plaintiff testified that she drove 30 miles three days per week. R. at 65. Her daughter reported that Plaintiff watched her grandson three days per week, nine hours per day, which included supervising him and fixing meals. R. at 186. Plaintiff's other activities included washing dishes, doing laundry, and driving to the store to go shopping. R. at 71-71, 180, 188. At the hearing, Plaintiff said she was not capable of carrying her own groceries. R. at 51, 377. But she reported to her doctor on at least two occasions that she typically carried her own groceries. R. at 377, 380. The ALJ did not err by citing Plaintiff's activities, including her work schedule as a hairstylist, as a basis to discount her allegations of disability. *See Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (evidence that claimant performed housekeeping tasks, managed sale of family home, and negotiated with builders of new house supporting finding of not disabled).

The ALJ also observed that the medical evidence showed that Plaintiff's condition improved with treatment. *See Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). In June 2012, Plaintiff underwent a hemilaminectomy and discectomy at L5-S 1 to treat a herniated disc. R. at 271. Stephen Reintjes, M.D., indicated on July 27, 2012, that Plaintiff was making a good recovery, and Plaintiff estimated that her pain was 50 percent better. R. at 51, 271. Plaintiff's pain continued to improve in September 2012, and she had full strength and negative straight leg raising. R. at 281. Plaintiff appeared to do well until March 2014, when an MRI showed that she developed a herniated disc at L5-S 1 that was pressing on the left S1 nerve root. R. at 51, 388-89, 402-03. Plaintiff's physician offered to do more surgery, but Plaintiff declined. R. at 51, 76. As recently as June 2016, Plaintiff's physician observed that she had good

4

strength and sensation in her lower extremities. R. at 15. In May 2014, Plaintiff underwent an aortobifemoral bypass procedure to correct a blocked aorta. R. at 51, 336-38. Plaintiff resumed work after the procedure, and testing in October 2015 showed well-preserved left ventricular systolic function. R. at 51, 586.

The ALJ concluded that Plaintiff's allegations of disability were inconsistent with her substantial gainful activity during a time she alleged to be disabled, her continued work at just under substantial gainful levels for just under three years, her daily activities, and the objective medical evidence showing improvement with treatment. R. at 50. Together, these factors amount to substantial evidence supporting the ALJ's decision that Plaintiff's allegations of disability were inconsistent with the record. *See Andrews*, 791 F.3d at 929.

**II.     The ALJ's RFC is supported by substantial evidence.**

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence. An RFC is the most a claimant can do despite the combined effect of all credible limitations. *See* 20 C.F.R. § 404.1545(a)(1). The claimant has the burden to prove the RFC at step four of the sequential evaluation process. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An ALJ develops the RFC based on all relevant evidence of record, including the claimant's subjective statements about her limitations as well as medical opinion evidence. *See Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2015). An ALJ must consider the claimant's allegations to assess the claimant's RFC, and must give good reasons if she questions the claimant's allegations. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1983).

The ALJ found that Plaintiff could perform light work. R. at 49. Plaintiff argues that the ALJ relied on inferences from medical records to formulate her RFC because there is no opinion in the record regarding Plaintiff's functional limitations. But the ALJ is not required to rely on a

5

specific opinion regarding Plaintiff's functional limitations. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("[T]here is no requirement that an RFC finding be supported by a specific medical opinion."). Plaintiff also believes that the ALJ failed to fully and fairly develop the record, and that the ALJ should have obtained a consultative examination. "The ALJ . . . may order consultative evaluations only if the available evidence does not provide an adequate basis for determining the merits of the disability claim." *See Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). Here, the ALJ had sufficient available evidence to determine the merits of Plaintiff's disability claim. That evidence included medical evidence about Plaintiff's impairments, showing that her conditions improved with treatment. Further, the ALJ noted that Plaintiff's daily activities provide further support for the RFC. The ALJ did not err by failing to obtain a consultative examination.

    **III.    The ALJ's finding that Plaintiff could return to past relevant work is supported by substantial evidence.**

Plaintiff claims that the ALJ failed to make explicit findings regarding the demands of her past work and compare them with her RFC. The vocational expert testified that Plaintiff's past work as a cosmetologist was light work with a specific vocational preparation ("SVP") score of 6. The ALJ asked the vocational expert to assume a hypothetical person with Plaintiff's RFC. In response, the vocational expert testified that that individual could perform Plaintiff's past work. R. at 78. "The ALJ is permitted to rely on a vocational expert in order to determine whether a claimant can perform his past relevant work, either as her performed it or as it is performed in the national econom[y]." *Girshner v. Berryhill*, No. 4:16-cv-03451, 2017 WL 2859930, at *8 (W.D. Mo. July 5, 2017). The ALJ did not err by relying on the vocational expert's testimony that the Plaintiff could perform her past work as a hairstylist.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 27, 2018          /s/ Greg Kays
                                GREG KAYS, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT